UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CORTEZ L TRAPPS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 06-cv-1228 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N & O R D E R

Petitioner, Cortez L. Trapps, is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed on September 5, 2006 [Doc. 1]. Respondent filed a Response to the motion on August 1, 2007 [Doc. 5], and Petitioner filed a Reply on September 19, 2007 [Doc. 8]. For the reasons sated below, Petitioner's Motion to Vacate is DENIED and this case is TERMINATED.

### I.    BACKGROUND

On July 11, 2005, Petitioner pleaded guilty in federal district court to possessing more than 50 grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), and with possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). On October 24, 2005, Petitioner was sentenced to 180 months imprisonment and five years of supervised release. On September 5, 2006, Petitioner filed the instant Section 2255 Motion to Vacate, alleging that his trial counsel was constitutionally ineffective.

## II.    DISCUSSION

A Section 2255 Motion to Vacate is an appropriate means by which a petitioner may challenge his federal conviction on the basis of jurisdictional error, constitutional error, or an error that has resulted in a fundamental miscarriage of justice.  Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995), cert. denied, 516 U.S. 904 (1995).  A petitioner may properly challenge the constitutional adequacy of his trial counsel's performance by means of a Section 2255 motion without raising the issue on direct appeal.  Fuller v. United States, 398 F.3d 644, 650 (7th Cir 2005).  To prevail on an ineffective assistance of counsel claim, Petitioner must demonstrate that his trial counsel's performance fell below a threshold of objective reasonableness.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In addition, under Strickland, Petitioner must show that the result of his criminal case would have been different but for his counsel's unreasonably poor representation. Id. at 690.

Petitioner alleges that his trial counsel was constitutionally inadequate for the following reasons: counsel failed to (1) object that Petitioner's guilty plea lacked an insufficient factual basis to sustain a conviction; (2) inform Petitioner that his sentence would include a term of supervised release that would follow a term of imprisonment ; (3) advise Petitioner that all cocaine base is not crack and that Petitioner could challenge the Government's contention that Petitioner possessed crack cocaine.

*1. Counsel's Failure to Object Pursuant to Rule 11 that Petitioner's Plea Lacked an Insufficient Factual Basis*

Petitioner claims that his trial counsel was ineffective for failing to object and point out, during sentencing, that the facts presented at Petitioner's plea hearing were insufficient to sustain a conviction under 18 U.S.C. § 924(c). Petitioner expressly bases his claim on Rule 11, which requires a factual basis for a criminal defendant's guilty plea before a district court can enter judgment based on the plea. See Fed R. Crim. P. 11(b)(3). Respondent correctly points out that an allegation of a technical Rule 11 violation, without more, is not a proper basis for a collateral attack on a guilty plea. United States v. Timmreck, 441 U.S. 780, 783-84 (1979). This Court seriously doubts whether the statements contained in Petitioner's Section 2255 Memorandum sufficiently allege any more than a technical Rule 11 violation.

Even if Petitioner's allegations do invoke the Constitution, Petitioner's claim still fails. At Petitioner's plea hearing, the Government's counsel represented to the convicting court that, if Petitioner was to proceed to trial, the Government would offer evidence that, on January 6, 2005, Peoria police officers searched Petitioner's residence, pursuant to a search warrant, and found, under a mattress and near a shoe box containing cocaine, a .22 caliber handgun and approximately $1700 in cash. [See Transcript of Cortez L Trapps' July 11, 2005 Plea Hearing, available as Doc. 30 in case no. 05-cr-10006, at pp. 18-19] Those facts certainly form a factual basis from which to sustain Petitioner's 18 U.S.C. § 924(c) conviction. Petitioner is

3

therefore unable to establish that he was prejudiced by his counsel's failure to make a Rule 11 objection at sentencing, as the objection would have been without merit.[1]

### 2. *Counsel's Alleged Failure to Inform Petitioner that a Term of Supervised Release Would Follow Petitioner's Term of Imprisonment*

Petitioner asserts that his trial counsel was ineffective for failing to notify him that his sentence would include a term of imprisonment followed by a term of supervised release. Petitioner also argues that the sentencing court incorrectly applied 18 U.S.C. § 3583(a) and that his attorney failed to object to that inaccurate application. Petitioner seemingly misreads the statute to suggest that his term of supervised release applies so as to cut short his time in prison.

Contrary to Petitioner's interpretation, section 3583(a) states that "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as part of the sentence requirement that the defendant be placed on a term of supervised release <u>after imprisonment</u> . . . [and] shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute. . . ." (emphasis added)  The drug possession statute under which Petitioner was convicted requires a term of supervised release, stating that "[n]otwithstanding section 3583 of Title 18, any sentence under this subparagraph shall . . . impose a term of supervised release of at least 5 years <u>in addition to such term of imprisonment</u>. . . ."  21 U.S.C. §

---

[1] In his Section 2255 Motion, Petitioner also asserts as an independent ground for relief that his plea violated Rule 11. Petitioner has procedurally defaulted the claim because he failed to raise it on direct appeal and has failed to show cause for his default by means of his ineffective assistance of counsel claim regarding counsel's omitted Rule 11 objection. <u>McCleese v. United States</u>, 75 F.3d 1174, 1177 (7th Cir. 1996). Furthermore, Petitioner does not demonstrate that this Court's decision not to consider the merits of his bare-bones Rule 11 claim will result in a fundamental miscarriage of justice.  <u>See id.</u>

4

841(b)(1)(A) (emphasis added). It is apparent from the plain language of these statues that Petitioner's interpretation of Section 3583(a) is inaccurate.

Petitioner's trial counsel cannot be faulted for failing to raise an objection that has no merit. Nor can counsel be faulted for failing to advise Petitioner of a misguided interpretation of the statute. Therefore, Petitioner has no meritorious ineffective assistance claim here.

*3. Counsel's Alleged Failure to Advise Petitioner that Petitioner could Challenge the Government's Contention that Petitioner Possessed Crack Cocaine*

Petitioner contends that had his attorney notified him that not all cocaine base is considered crack cocaine, Petitioner would not have pleaded guilty to possessing crack and would have, instead, challenged the Government's contention that the substance police found at Petitioner's home was, in fact, crack. However, the record indicates that Petitioner knew exactly what he was admitting at his plea hearing. At the hearing, the sentencing judge unequivocally informed Petitioner that if he were to proceed to trial, the Government would be required to prove beyond a reasonable doubt that the substance Petitioner possessed was crack cocaine. [See Tr. of July 11, 2005 Plea Hearing at pp. 4-7] Additionally, when Petitioner was given an opportunity to clarify the elements of the charges against him, he indicated that he fully understood what the Government was required to prove. [Id.] Because the sentencing judge fully engaged Petitioner on the issue of possessing crack cocaine, Petitioner was not prejudiced by any omission of counsel regarding that issue, prior to the plea.

5

### III.   CONCLUSION

For the reasons stated above, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1] is DENIED.

CASE TERMINATED.

ENTERED this <u>25th</u> day of September, 2008.

<u>s/ Joe B. McDade</u>
JOE BILLY MCDADE
United States District Judge